HILL, Appellant, v. DAVIS, Respondent.

St. Louis Court of Appeals, February 27, 1906.

APPELLATE PRACTICE: Weight of Evidence. In an action for rent of a tract of pasture land, where the defense was that the contract was for the tract and an additional tract of which defendant never got possession, and that the land of which defendant obtained possession was so poorly fenced that he was obliged to abandon it, the evidence was conflicting and there being no declarations of law asked or given, there was nothing to review.

Appeal from Lawrence Circuit Court.—*Hon. F. C. Johnston,* Judge.

AFFIRMED.

*D. B. Jones* and *Joseph French* for appellant.

*Henry Brumback* and *Charles L. Henson* for respondent.

Hill v. Davis.

PER CURIAM.—This action was instituted before a justice of the peace to recover $75 recited to be rental due for certain pasture lands rented by plaintiff to defendant during the year 1903.

The only questions in the case relate to the weight of the evidence. Plaintiff's testimony goes to show that he rented defendant seventy acres of pasture land; whereas the testimony for the defendant goes to show that the contract was for two hundred acres of land, of which the defendant was to have the use of seventy acres immediately and the remainder later in the season; that he turned his cattle in on the seventy acres, but never obtained possession of the rest of the land he had rented; that the fences around the portion he did get possession of were so poor that his cattle were continually trespassing on the fields of adjacent proprietors and for this reason and because the other land was not delivered to him, he took his cattle off the pasture. There was a direct conflict in the testimony of the witnesses. The cause was submitted to the court without a jury, and without any declarations of law being requested by either side. Therefore, nothing is presented to this court to review.

It is said the evidence so greatly preponderated in favor of the plaintiff as to leave no room for doubt about his right to judgment. In our opinion defendant's case is not so lacking in support from the testimony, that we would be justified in setting aside the verdict of the judge who tried the cause on the ground that it was manifestly for the wrong party.

The judgment is affirmed.